Filed 6/20/23  P. v. Rael CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LOUIS ALAN RAEL,<br><br>    Defendant and Appellant. | B308169<br><br>Los Angeles County<br>Super. Ct. No. VA-106907-03 |

APPEAL from an order of the Superior Court of Los Angeles Count, Lee W. Tsao, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We affirm the order of the trial court denying appellant's petition for resentencing.

On January 31, 2011, a jury convicted appellant Louis Alan Rael of second degree murder and found a gang enhancement true. (Pen. Code[1] §§ 187, subd. (a); 186.22, subd. (b)(1)(C).) Appellant was sentenced to state prison for 15 years to life, with minimum parole ineligibility of 15 years. On appeal, we modified the judgment by reversing the gang enhancement and striking the allegation and 15-year minimum parole eligibility requirement. As modified, we affirmed the judgment. (*People v. Rael* (Oct. 11, 2012, B232796) [nonpub. opn.].)

As recited in our opinion affirming appellant's conviction, appellant drove the actual killer to and from the crime scene where the victim was fatally shot.

On February 25, 2019, appellant filed a petition for resentencing pursuant to section 1170.95, now section 1172.6. (Stats. 2022, ch. 58, § 10.) On September 23, 2020, the trial court summarily denied the petition and appellant timely appealed. The trial court found appellant ineligible for resentencing because he was not prosecuted under the felony murder or natural and probable consequences theories of liability. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal. On March 4, 2021, counsel filed a brief raising no issues. We dismissed appellant's appeal. Appellant filed a petition for review.

---

[1] Undesignated statutory references are to the Penal Code.

On March 29, 2023, the California Supreme Court transferred the matter back to this court "with directions to vacate its decision and reconsider whether to exercise its discretion to conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & fn. 6. (Cal. Rules of Court, rule 8.528(d).)" We now conduct an independent review.

The trial court properly denied appellant's petition. Petitions for resentencing under section 1172.6 carry out the intent of Senate Bill 1437 (2017–2018 Reg. Sess.), which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 967.) Petitions under section 1172.6, then, address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. Those theories are the felony murder rule and the natural and probable consequences doctrine. (*Lewis,* at pp. 957, 967.) Our review of the record reveals that the jury was not instructed on either theory and was instead instructed on the theory of aiding and abetting. Because he was convicted on the theory of aiding and abetting, appellant is ineligible for resentencing.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**.


                              STRATTON, P. J.

We concur:



        WILEY, J.



        VIRAMONTES, J.